

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

BENJAMIN WILLIAM FAWLEY,

    Petitioner,

v.                          CASE NO. 2:09cv452

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (c), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Local Civil Rules of the United States District Court for the Eastern District of Virginia. For the reasons stated herein, the Court recommends that the instant petition for a writ of habeas corpus be DENIED.

### I. STATEMENT OF THE CASE

#### A. Background

Petitioner, Benjamin Fawley ("Fawley"), was convicted in the Circuit Court of Mathews County, Virginia, on August 9, 2006, of one (1) count of second degree murder. Fawley was sentenced to a total of forty (40) years in prison with ten (10) years suspended

on August 11, 2006.

Fawley entered an Alford plea, see North Carolina v. Alford, 400 U.S. 25 (1970), pursuant to a plea agreement. Fawley did not directly appeal his conviction, and therefore, his conviction became final on September 10, 2006, thirty (30) days after the Circuit Court sentenced him.

On July 5, 2008, Fawley filed a petition for a writ of habeas corpus in the Supreme Court of Virginia ("Fawley I").[1] The petition was dismissed on January 14, 2009.[2] On August 11, 2008, Fawley filed a second state petition for a writ of habeas corpus in Mathews County Circuit Court ("Fawley II"). On December 4, 2008, the court dismissed Fawley's second petition.[3] On July 27, 2009,

---

[1] In his first petition for a writ of habeas corpus in the Supreme Court of Virginia, Fawley alleged similar claims to those in the instant petition. Specifically, Fawley alleged that he had ineffective assistance of counsel, his plea was not made knowingly and voluntarily, the indictment was "duplicitous and obscure," and the Commonwealth of Virginia made an inaccurate proffer of facts.

[2] The Supreme Court of Virginia denied Fawley's petition on the merits. The court found that Fawley's claims of ineffective assistance of counsel failed to satisfy the two-part test articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984). The court further found that Fawley failed to allege why he should not be bound to his representations at the time he entered his Alford plea that counsel's performance was adequate and his plea was knowing and voluntary. Additionally, the court noted that Fawley waived all non-jurisdictional defenses pursuant to entering his plea. Finally, the court noted that Fawley failed to establish that he objectively and timely demonstrated his intent to appeal, in light of the fact Fawley expressly agreed not to appeal in the plea agreement.

[3] The Mathews County Circuit Court dismissed Fawley's second petition because it was procedurally barred as successive under Va.

2

Fawley filed a third state petition for writ of habeas corpus ("Fawley III"), which was dismissed by the Mathews County Circuit Court on October 9, 2009.[4]

While in the custody of the Virginia Department of Corrections,[5] Fawley executed a petition for a writ of habeas corpus on August 31, 2009,[6] pursuant to 28 U.S.C. § 2254, which this Court

---

Code § 8.01-654(B)(2) and time-barred under Va. Code § 8.01-654(A)(2).

[4] The Mathews County Circuit Court dismissed Fawley's third petition on the same grounds as it dismissed Fawley's second petition, namely that the petition was procedurally barred as successive under Va. Code § 8.01-654(B)(2) and time-barred under Va. Code§ 8.01-654(A)(2).

[5] Though Fawley is in the custody of the Virginia Department of Corrections, he is currently serving his sentence at the Lea County Correctional Facility in Hobbs, New Mexico. Fawley was transferred into the custody of the New Mexico Corrections Department pursuant to the Interstate Corrections Compact. See Resp't's Br. in Supp. at 12.

[6] The Court notes that the United States Supreme Court promulgated certain amendments to the Rules Governing Section 2254 Cases in the United States District Courts, which became effective on December 1, 2004. As amended, Rule 3(d) adopts the prison mailbox rule with regard to § 2254 petitions. Accordingly, the Court recognizes the prison mailbox rule for federal habeas petitions.
In this case, the postmark on the envelope from Fawley's original petition is not legible, except to show that the envelope was mailed in September; the Court received Fawley's petition on September 10, 2009. Fawley did not provide the Court with the date on which he sent his original petition, however Fawley apparently dated each page of his petition as he completed it. The dates in the original petition range from August 12, 2009, to August 31, 2009. The Court assumes, without finding, that the petition was executed on August 31, 2009, the latest date written on the original petition. Further, the Court considers the petition filed, for purposes of the statute of limitations, on that date.

conditionally filed on September 15, 2009. Accompanying his petition, Fawley filed a motion for leave to proceed in forma pauperis, which was granted on December 23, 2009. Subsequently, Fawley filed an Amended Petition on January 15, 2010. On March 8, 2010, Respondent filed his Rule 5 Answer and Motion to Dismiss, accompanied by a supporting memorandum.[7] Fawley filed a response to Respondent's Motion to Dismiss on March 18, 2010, and filed a supplemental memorandum of law on April 12, 2010.

### B. Grounds Alleged

Fawley asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

(a) Ineffective assistance of counsel;
(b) Invalid indictment;
(c) Cruel and unusual punishment; and
(d) Invalid guilty plea.

### III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court need not address the merits of Fawley's habeas corpus petition because the Court FINDS that the petition is barred by the statute of limitations.

### A. Statute of Limitations

A one-year statute of limitations applies when a person in

---

[7] On February 18, 2010, Respondent moved the Court to enlarge the time for filing a response to the habeas petition by fourteen (14) days (Doc. No. 12). The Court granted Respondent's motion on March 5, 2010. Fawley filed an untimely objection to Respondent's motion (Doc. No. 31) on March 9, 2010, which the Court notes is now moot. As stated in the Court's March 5, 2010 Order, Respondent demonstrated good cause for the extension of time.

4

custody pursuant to the judgment of a state court files a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d).[8] Specifically, Fawley had one (1) year from the date on which his conviction became final to file a petition for federal habeas corpus relief. Allen v. Siebert, 552 U.S. 3, 4 (2007). Fawley's conviction became final on September 10, 2006, which was thirty (30) days after final judgment was entered by the Circuit Court on August 11, 2006, and the date when Fawley could no longer appeal his conviction. Therefore, absent any applicable tolling period, Fawley had until September 10, 2007, to file his federal petition for a writ of habeas corpus.[9]

The instant federal petition was not executed until August 31,

---

[8] The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).

[9] Fawley appears to misunderstand when the statute of limitations began to run in his case. In his petition, Fawley states, "I filed my federal habeas petition prior to the one year deadline after the Virginia Supreme Court dismissed docket number: 081341." Because Fawley is challenging his conviction and not the state habeas proceedings, the statute of limitations began to run when his conviction became final. As discussed, supra, Fawley did not appeal his conviction, and it became final upon "the expiration of the time for seeking [direct] review." § 2244(d)(1)(A).

5

2009, which was nearly two (2) years beyond the applicable limitations period. Fawley did not file his first state habeas petition until July 5, 2008; therefore, Fawley's state petitions afforded him no tolling under § 2244(d)(2).[10] Accordingly, Fawley's petition is barred unless he demonstrates grounds for equitable tolling of the statute of limitations.

## B. Equitable Tolling

Equitable tolling of the limitations period is appropriate only when a petitioner "presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246. Defendant also "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Lawrence v. Florida, 549 U.S. 327, 336 (2007); Pace, 544 U.S. at 418. Furthermore, "any

---

[10] A person in state custody may toll the running of the limitation period during the time in which a properly filed application for state post-conviction or other collateral proceedings remains pending. 28 U.S.C. § 2244(d)(2). Such an application remains pending throughout the state review process including the time period between a lower state court's decision and the filing of a notice of appeal to a higher state court. Carey v. Saffold, 536 U.S. 214, 220-21 (2002); Rouse v. Lee, 339 F.3d 238, 243-44 (4th Cir. 2003)(a state post-conviction proceeding for § 2244(d)(2) tolling purposes encompasses all state-court proceedings "from initial filing [in the trial court] to final disposition by the highest state court." (quoting Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999))). Here, Fawley did not file his first state petition for a writ of habeas corpus until after the statute of limitations for a federal petition for a writ of habeas corpus had expired. Accordingly, Fawley's state petition did not toll the running of the limitation period for the instant petition.

resort to equity must be reserved for those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008); Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000); Little v. United States, 184 F. Supp. 2d 489, 494 (E.D. Va. 2002)(quoting Harris with approval).

Fawley's conviction became final on September 10, 2006, when he failed to appeal his conviction. The habeas corpus petition was not filed until almost two (2) years after the statute of limitation period had expired. Fawley offers no explanation for this delay, much less special circumstances that the Court could consider as warranting the application of equitable tolling. Fawley has not shown that he has exercised due diligence in filing the instant petition or how his circumstances are sufficiently exceptional to warrant the application of equitable tolling.

Accordingly, the Court FINDS that Fawley is not entitled to equitable tolling and that the instant petition is time-barred. Therefore, the Court recommends the instant petition should be DENIED.

### IV. PETITIONER'S MOTIONS

Because Fawley's petition is time-barred and the Court will not address the merits of Fawley's claims, Fawley's various motions for the production of evidence (Doc. Nos. 22-29, 32) are DENIED.

Additionally, Fawley's Motion for Relief from Interference in His Right and Ability to Litigate this Petition (Doc No. 30) is DENIED, and his Motion to Appoint Counsel (Doc. No. 34) is DENIED. Lastly, Fawley's Motion for Reconsideration of his Motion for Stay (Doc. No. 11) is DENIED.

## V. **RECOMMENDATION**

For the foregoing reasons, the Court, having found that the instant petition was not timely filed and is barred by the statute of limitations, RECOMMENDS that Fawley's petition for a writ of habeas corpus be DENIED, that Respondent's motion to dismiss be GRANTED, and that all of Fawley's claims be DISMISSED WITH PREJUDICE.

## V. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that:

1. Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's specific objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140, 153-54 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433, 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).

/s/ F. Bradford Stillman
United States Magistrate Judge

Norfolk, Virginia
April 13, 2010

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Benjamin William Fawley
Lea County Correctional Facility
6900 West Miller Drive
Hobbs, NM 88244
PRO SE

Erin Marie Harrigan Kulpa
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219
COUNSEL FOR RESPONDENT

Fernando Galindo,
Clerk of Court

By [signature]
Deputy Clerk 4-13-10