**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

BENJAMIN WILLIAM FAWLEY,

    Petitioner,

v.                                 CASE NO. 2:09cv452

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

    Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to Petitioner's conviction on August 9, 2006, in the Circuit Court of Mathews County, Virginia, of one (1) count of second degree murder, as a result of which he was sentenced to serve a total of forty (40) years in prison with ten (10) years suspended.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The report of the magistrate judge was filed on April 13, 2010, recommending dismissal of the petition. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the magistrate judge. On May 3, 2010, the

Court received Petitioner's Objection to the Magistrate's Report and Recommendation (Doc. No. 39) accompanied by a memorandum of law (Doc. No. 40)(collectively "Petitioner's Objection"). On May 28, 2010, the Court received Petitioner's additional memorandum in support of his objections, entitled Memorandum of Law; Third Submitted by Petitioner. (Doc. No. 42). Since that time, Petitioner has filed a Motion for Production of Court Documents from Mathews County Circuit Court (Doc. No. 44), Petitioner's Fourth Memorandum of Law in Support of His Objection (Doc. No. 45), Petitioner's Motion for Evidentiary Hearing to Expand the Record (Doc. No. 43), and a Declaration of Fact (Doc. No. 46). The Court received no response from Respondent.

Petitioner's Objection focuses on the merits of his petition, as well as argument that dismissal of his petition will result in a miscarriage of justice. Specifically, Petitioner focuses on the circumstances surrounding his failure to appeal his conviction, his counsel's performance during trial preparation and post-conviction proceedings, the validity of his indictment, the sufficiency of the evidence against him, and the Supreme Court of Virginia's analysis of his state petition for a writ of habeas corpus.[1]

---

[1] Petitioner makes several allegations regarding the Supreme Court of Virginia's review of his petition, which the Court construes as alleged due process violations. Petitioner alleges that the Supreme Court of Virginia erred by not allowing him to amend his petition and by misapplying the law.
   Petitioner's claims regarding the Supreme Court of Virginia's review of his petition are not cognizable under 22 U.S.C. §

In the Report and Recommendation, the magistrate judge found that the petition was barred by the statute of limitations. The magistrate judge correctly indicated that unless Petitioner could demonstrate grounds for equitable tolling of the statute of limitations, his petition is time-barred. See Holland v. Florida, No. 09-5327, 2010 U.S. LEXIS 4946, *30 (U.S. Jun. 14, 2010). As noted in the Report and Recommendation, Petitioner did not file his federal habeas petition until almost two (2) years after the statute of limitation period had expired. Petitioner did not explain this delay in his pleadings, nor did he address it in his Objection. Therefore, Petitioner has failed to demonstrate the requisite grounds for equitable tolling of the one-year statute of limitations applicable to the filings of his federal habeas petition. Accordingly, Petitioner's Objection is overruled.

The Court, having reviewed the record and examined the Objection filed by Petitioner to the magistrate judge's report, as well as the other post-objection-filings by Petitioner, and having made de novo findings with respect to the portions objected to,

---

2254(a), meaning this Court is not permitted to consider such claims. In Wright v. Angelone, 151 F.3d 151, 159 (4th Cir. 1998), the Fourth Circuit held that a petition alleging claims of error in state habeas proceedings cannot provide a basis for federal habeas relief. See also Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988)(holding errors and irregularities in connection with state post-conviction proceedings are not cognizable in federal habeas review). Because a petitioner alleging violations in habeas proceedings is not "in custody pursuant to" the judgment from the state habeas proceeding, § 2254 does not apply. Id.

does hereby ADOPT AND APPROVE the findings and recommendations set forth in the report of the United States Magistrate Judge filed on April 13, 2010, and it is, therefore, ORDERED that the petition be DENIED AND DISMISSED as the claims are barred by the statute of limitations. It is further ORDERED that judgment be entered in favor of Respondent.

Petitioner may appeal from the judgment entered pursuant to this <u>final order</u> by filing a <u>written</u> notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

The Clerk shall mail a copy of this Final Order to Petitioner and to counsel of record for Respondent.

/s/ *signature*
Mark S. Davis
United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June *16*, 2010

4